1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  JOHN GARRETT SMITH,

11                      Petitioner,

12          v.

13  STATE OF WASHINGTON,

14                      Respondent.

CASE NO. 3:18-CV-05194-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: June 15, 2018

15          The District Court has referred this action to United States Magistrate Judge David W.

16  Christel. Petitioner John Garrett Smith, proceeding *pro se*, filed a Petition ("Second Petition")

17  requesting the Court declare the Washington State courts and agencies lacked jurisdiction to

18  prosecute and convict Petitioner. Dkt. 4. Having reviewed the Petition under the Rules Governing

19  Section 2254 Cases, the Court finds Petitioner is not entitled leave to amend and finds the Second

20  Petition is the "functional equivalent" of a second or successive petition. Accordingly, the Court

21  recommends the Petition be dismissed and all pending Motions be denied as moot.

22
23
24

## I.     Background

Petitioner, a prisoner in custody at the Stafford Creek Corrections Center, filed this Second Petition requesting the Court declare that Washington State courts and agencies lacked jurisdiction to prosecute him. Dkt. 4. If this Court were to declare Washington State courts and agencies lacked jurisdiction to prosecute him, the Court would essentially invalidate Petitioner's sentence. Therefore, Petitioner is requesting relief under habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted) ("action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy.").

On December 6, 2017, Petitioner filed a separate 28 U.S.C. § 2254 action challenging his state court conviction and sentence. *See Smith v. Haynes*, Case No. 3:17-cv-06019-BHS-DWC ("First Petition"). The First Petition became ready for the Court's consideration on May 29, 2018. *See id*. Petitioner initiated the Second Petition on March 12, 2018. Dkt. 1.

## II.     Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must promptly examine the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir.2001). The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate he qualifies for § 2244(b)(2) exception, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3); *see Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

However, when the first petition is still pending in the district court, a subsequently filed petition is not a "second or successive petition." *Woods*, 525 F.3d at 890. Rather, where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application. *Id.* at 888, 890. The reason for this rule is that in general "[a] petitioner who seeks to assert new claims before his first petition has been finally adjudicated is not, by any stretch, abusing the writ," but "is instead attempting, as the abuse-of-the-writ doctrine requires, to litigate all available claims in a single proceeding." *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016).

Here, Petitioner has not asserted any new claims, nor is he seeking to have them heard in a single proceeding. However, as Petitioner's First Petition is still pending, the Court finds the Second Petition should be construed as a motion to amend the First Petition.

"[T]he decision to grant a motion to amend is committed to the sound discretion of the district court and . . . the district court may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Woods*, 525 F.3d at 889 (internal quotations omitted). Equitable principles governing abuse of the writ of *habeas corpus*, the application of which also is in the sound discretion of the district court, include the principle that a petitioner's "conduct in relation to the matter at hand may disentitle him to the relief he seeks." *McCleskey v. Zant*, 499 U.S. 467, 484-85 (1991) (quoting *Sanders v. United States*, 373 U.S. 1,

17-18 (1963)). The Supreme Court has expressly stated that "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." *McCkeskey*, *supra* at 485 (quoting *Sanders*, 373 U.S. at 18). Thus, "[i]f a post-conviction motion has the effect of circumventing these prohibitions against the abuse of the writ, it may be treated as the functional equivalent of a 'second or successive'" *habeas corpus* petition. *Ching v. United States*, 298 F.3d 174, 179-80 (2nd Cir. 2002) (discussing § 2255 petitions).

In the Second Petition, Petitioner states the state court does not have jurisdiction over him. This is a theme he repeats throughout his First Petition and motions filed related to his First Petition. The Court finds Petitioner's tactics in this case –and the now eleven separate actions he has filed relating to his underlying conviction[1] – have been vexatious, harassing, and overall abusive of the judicial process. For example, at this time, Petitioner has filed twenty-four motions in this matter alone asserting the illegality of his conviction and demanding immediate relief. *See* Dkt. 7, 9-10, 12, 21-27, 29-38, 40-41, 44. He has also filed numerous other letters and filings asserting the illegality of his conviction and filed a premature appeal to the Ninth Circuit. *See e.g.* Dkt. 11, 13-20, 42. The Court notes several of his filings are repetitive documents.

In addition, the above filings mirror the more than thirty similar filings Petitioner has submitted in relation to his First Petition, which assert substantively the same allegations of illegality and demands for immediate relief. *See* Case No. 3:17-cv-06019-BHS-DWC, Dkt. 7-13, 17-19, 22-23, 27, 29-30, 35, 64-70, 72-75, 77-80. Furthermore, Petitioner filed a third habeas petition in this Court, which Magistrate Judge Theresa L. Fricke recommended be dismissed as

---

[1] *See* 3:17-cv-06019-BHS-DWC (*habeas*); 3:18-cv-05061-BHS-TLF (*habeas*); 3:18-cv-5144-RBL-JRC (§ 1983); 3:18-cv-5166-RBL-TLF (§ 1983); 3:18-cv-05191-RJB-TLF (§ 1983); 3:18-cv-05192-RBL-DWC (*mandamus*); 3:18-cv-05194-RBL-DWC (*mandamus*); 3:18-cv-05211-BHS (§ 1983); 318-cv-05221-RJB-JRC (§ 1983); 3:18-cv-05224-RBL-TLF (§ 1983); and 3:18-cv-05225-RBL-DWC (§ 1983).

1  successive because Petitioner's tactics have been vexatious, harassing, and overall abusive of the

2  judicial process. *See Smith v. Haynes*, Case No. 3:18-cv-05061-BHS-TLF.

3     Because Petitioner's claim in the Second Petition is duplicative of the claims alleged in

4  his First Petition, and in light of the vexatious nature of his filings and the clear abuse of the

5  judicial process noted herein, the Court finds Petitioner should not be given leave to amend his

6  First Petition and the Second Petition should be denied as the "functional equivalent" of a second

7  or successive petition. *See Ching*, 298 F.3d at 179-80.

8     **III.    Certificate of Appealability**

9     A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

10  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

11  (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

12  may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

13  constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

14  that jurists of reason could disagree with the district court's resolution of his constitutional

15  claims or that jurists could conclude the issues presented are adequate to deserve encouragement

16  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*,

17  529 U.S. 473, 484 (2000)).

18     Reasonable jurists would not find it debatable that the Second Petition should be

19  dismissed. Accordingly, this Court concludes Petitioner is not entitled to a certificate of

20  appealability with respect to the Second Petition.

21     **IV.    Conclusion**

22     For the above stated reasons, the Court concludes Petitioner should not be given leave to

23  amend the First Petition and the Second Petition (Dkt. 4) is the "functional equivalent" of a

24

second or successive petition. Accordingly, the Court recommends this case be dismissed and all

pending Motions be denied. The Court also recommends that the Court decline to issue a

certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 15,

2018, as noted in the caption.

Dated this 31st day of May, 2018.

David W. Christel
United States Magistrate Judge